UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P224-S

**JOSEPH L. SILVERBURG**                                                                                    **PETITIONER**

v.

**GOV. ERNIE FLETCHER,** *et al.*                                                                     **RESPONDENTS**

### MEMORANDUM OPINION

The petitioner, Joseph L. Silverburg, filed this civil action pursuant to 28 U.S.C. §2241, claiming that he is entitled to release from "his illegal and unlawful confinement of 'private prisoner vendor.'" (DN 1, Pet., p. 1).[1] He named the following individuals as respondents to this action: Kentucky Governor Ernie Fletcher, Kentucky Attorney General Greg Stumbo, Kentucky Department of Corrections Commissioner John Reis, and Warden Randy Stovall. Because the petition has no merit, the action will be dismissed.

### I. PROCEDURAL AND FACTUAL BACKGROUND

On May 10, 2001, the Jefferson Circuit Court convicted the petitioner of four counts of first degree burglary and for being a persistent felony offender. The petitioner received a twenty-five year term of imprisonment. Thereafter, on October 5, 2001, he was committed to the custody of the Kentucky Department of Corrections to serve his sentence. On December 30, 2003, he was transferred to the Lee Adjustment Center, a privately owned penal facility, where Respondent Stovall serves as the institution's warden.

---

[1] The court notes that this particular petition is an exact duplicate of petitions filed by Johnnie Earl Pritchard in Civil Action No. 3:05CV-P223-S and Raughn Eugene Lewis, Jr., in Civil Action No. 3:05CV-P222-S.

The petitioner brings this civil action <u>not</u> to attack his underlying state court conviction and sentence. Rather, he claims that Kentucky Revised Statute ("KRS") 197.500 *et seq.*, which permits the Commonwealth to enter into contracts with private prisons to house Kentucky's inmates, violate Sections 162, 253 and 254 of Kentucky's constitution. He also claims that such contravenes the official opinions of the Kentucky Attorney General.

The petitioner claims he challenged his placement at Lee Adjustment Center by seeking habeas relief from the Lee Circuit Court in Civil Action No. 04-CI-00008 (DN 1, Pet., p. 4). The circuit court denied his petition and the Kentucky Court of Appeals affirmed, noting that proper recourse was by way of a declaratory action (DN 1, Exs. 2-4). Thereafter, the petitioner along with five other inmates sought declaratory relief from the Franklin Circuit Court (DN 1, Mem., p. 5). A review of the docket sheet and orders for that case reveals that the action is still pending before the circuit court (DN 1, Exs. 4-54).

The petitioner also devotes a fair amount of his petition outlining what he deems problems with a private penal company's contributions to political campaigns. He maintains that the Corrections Corporation of America ("CCA"), which owns Lee Adjustment Center, has engaged in civil and criminal racketeering activities in order to influence Kentucky's politicians by making political contributions (some of which he deems "illegal") to various campaigns.

## II.  PETITIONER'S ARGUMENTS

The petitioner claims that his placement in a privately owned facility violates his Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Some of the arguments set forth in the petition (Claims IV, V, and VI) arise from what the petitioner describes as his problems with the Franklin Circuit Court's treatment and decisions in the

declaratory action filed by the Franklin Circuit.  In the remaining claims, he maintains that KRS 197.500 *et seq.* violate Kentucky's Constitution and as such violates his federally protected constitutional rights because a private corporation may not own a state penal facility.  Since a private company may not lawfully house Kentucky inmates, he claims he is entitled to release from custody or transfer to a Kentucky owned facility.

### III.  ANALYSIS

The claim for relief premised on § 2241 is without merit.  The petitioner claims that he is entitled to habeas corpus relief because he is being confined by private prison corporation in violation of the state constitution.  And, while he asserts of violations of his federal constitutional rights, such is premised exclusively on violations of state law.  By its very language, § 2241 habeas corpus relief is not available unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  Here, the petitioner cites to state law to support his claim that he is unlawfully held.  Violation of state law, however, does not support § 2241 habeas corpus relief.

Moreover, the Sixth Circuit has noted that a private prison contractor which houses state inmates acts as an agent of the state with whom it has contracted, and because the private prison is an agent of the state, it does not illegally detain inmates who have been placed in its custody. *Crabtree v. Pitzer*, No. 99-5966, 2000 WL 1140714 (6th Cir. Aug. 7, 2000) (denying § 2241 relief to inmate who seeks habeas relief because he has been placed in the custody of a non-governmental, private prison).  Finally, prisoners do not possess a federally protected constitutional right to be housed in a particular facility.  *See Olim v. Wakinekona*, 461 U.S. 238,

245-46 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Because the petition is without merit, it must be dismissed.

To the extent that the petitioner disagrees with decisions reached in his ongoing state circuit court declaratory judgment action involving this same issue, his recourse is to file a state court appeal upon the conclusion of that case. And, to the extent that he challenges the conditions of his confinement, he may do so after he has exhausted his administrative remedies as mandated by 42 U.S.C. § 1997e.

## IV. CERTIFICATE OF APPEALABILITY

State prisoners who seek habeas relief under § 2241 must secure a certificate of appealability ("COA") in order to present their claims on appeal. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001) (holding that a state prisoner, who is seeking relief under § 2241 yet does not directly or indirectly challenge his conviction, must still secure a COA to bring an appeal following the denial of his petition); *contra Melton v. Hemingway*, No. 10-2620, 2002 WL 1021876 (6th Cir. May 17, 2002) (holding that *federal* prisoners seeking relief under § 2241 are not required to secure a COA).

A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

4

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Supreme Court has recognized that the current version of § 2253 codified the standard set forth in *Barefoot v. Estelle,* 463 U.S. 880, 894 (1983) and stated:

> To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Barefoot*, 463 U.S. at 893 and n. 4 ("sum[ming] up" the "substantial showing" standard).

*Slack*, 529 U.S. at 483. The Supreme Court further noted that the standard used to govern the COA analysis depended upon whether the lower court dismissed the petition after a substantive review of the merits or merely dismissed the petition on procedural grounds. In the case of the former, the Court held "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* With respect to a dismissal on procedural grounds, the Court set forth the following two-part test:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484.

Review of this petition falls within the more "straightforward" category set forth in §2253(c)(2) and *Slack*. This court reviewed his claim in light of the applicable law and concluded it was meritless. And, it re-examined the merits of the petitioner's claim in light of

5

*Slack* and § 2253(c)(2) and determined no reasonable jurist would find its assessment of the constitutional claim debatable or wrong. Accordingly, a certificate of appealability is **DENIED.**

## V.  CONCLUSION

Because the petitioner failed to set forth a basis for federal habeas corpus relief, the court will deny the petition and dismiss the action.

Date:

cc:     Petitioner *pro se*
         Respondents
         4411.002